**UNITED STATES DISTRCT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OVIDIU ASTALUS, ) | |
| SYNY LOGISTICS, INC., ) | |
| CROWN POINT TRUCK & TRAILER ) | |
| SALES, INC., ) | |
| CROWN POINT TRUCK & TRAILER ) | |
| REPAIR CENTER, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 20-CV-4907 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| VILLAGE OF MORTON GROVE, ) | |
| FINANCE DIRECTOR HANNA ) | |
| SULLIVAN, ) | |
| COMMANDER ERIC EIMER, ) | |
| POLICE OFFICER RYAN CORCORAN, ) | |
| POLICE OFFICER PRZEMYSLAW ) | |
| FIEJTEK, ) | |
| UNKNOWN VILLAGE OFFICIALS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Before us is the Village of Morton Grove's and Hanna Sullivan's ("Defendants") Rule 12(b)(1) and (6) motion to dismiss Plaintiffs' Complaint. (Motion to Dismiss ("Motion") (Dkt. No. 15); (Complaint ("Compl.")).) For the following reasons, Defendants' motion is granted, and Plaintiffs' Complaint is dismissed without prejudice.[1]

---

[1] In the § 1983 context, allegations against a defendant in her official capacity is merely another way of alleging the claim against the entity of which the individual is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 – 66 (1985); *see also Sow v. Fortville Police Dep't.*, 636 F.3d 293, 300 (7th Cir. 2011). Courts treat an official capacity claim as one against the government entity. *See id.* Therefore, courts may dismiss defendants named in their official capacity whenever the plaintiff also names the governmental entity as defendants. *See e.g.*, *Xiong v. Fischer*, 787 F.3d 389, 398 – 99 (7th Cir. 2015). Here, Sullivan is named in her official capacity alongside the

## BACKGROUND

The facts set forth below are taken from the Complaint and are assumed true for the purposes of this Rule 12 motion. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff Ovidiu Astalus ("Astalus") is the President and owner of his co-plaintiffs: SYNY Logistics, Crown Point Truck & Trailer Sales, and Crown Point Truck & Trailer Repair. (Compl. ¶ 1.) In July 2018, Plaintiffs were granted compliance certificates by the Village of Morton Grove ("Village"). (*Id.*) These certificates allowed them to do business within the Village.

A month later, an unidentified intoxicated person confronted Astalus and his wife at Plaintiffs' business. Astalus feared for his life so he drew his firearm. (Compl. ¶ 17.) Morton Grove Police officers Corcoran, Fiejtek, and Eimer eventually arrived on the scene and then reviewed the incident's video footage. (*Id.* ¶ 18.) They proceeded to arrest Astalus and he was charged with assault. (*Id.*) "Officer Corcoran prepared an arrest report that stated: 'Upon reviewing the footage from the scene it appeared that Astalus was the aggressor in this incident' and [by lunging at the driver] in an aggressive manner, he was trying to provoke a physical encounter possibly causing a battery.'" (*Id.* ¶ 19 (brackets in Complaint).) Astalus was found not guilty of the criminal charges. (*Id.* ¶¶ 20 – 21.)

A little over four months after Astalus' arrest, in January 2019, the Village's Zoning Administrator[2] inspected Plaintiff's property as part of an annual compliance check. (*Id.* ¶ 25.) The Administrator told Crown Point that it needed to complete a special application since the

---

corresponding governmental entity, the Village. Accordingly, Sullivan is dismissed from this lawsuit in her official capacity without prejudice.

[2] The Complaint does not name the Village Administrator.

sign on the exterior of the building exceeded a maximum size of 120 feet. (*Id.* ¶ 25.) However, earlier the same day, the Administrator told Crown Point that the sign was within specifications and that the application for that sign would be approved. (*Id.*) The Administrator explained in an email, "I apologize for stating that the sign should be ready this afternoon. Upon final review, I had misread the measurements." (*Id.* ¶ 26.) Crown Point went on to submit a Special Use Application, but the Village denied it. (*Id.* ¶¶ 28 – 30.)

Two comparable entities are cited in the Complaint that operate near Plaintiffs' property that operate without a special use permit. Those are Lin-Mar Towing and Menards. (*Id.* ¶¶ 29 – 30.) Lin-Mar maintains a large fleet of tow trucks along with vehicles it tows. (*Id.* ¶ 30.) Menards stores repaired vehicles. (*Id.*)

Plaintiffs assert that they were not granted these certificates because the Village no longer wanted them doing business in Morton Grove. (*Id.* ¶ 1.) In support of that theory, Plaintiffs advance a couple of interactions with Village officials. On one occasion, an unnamed Village representative told Astalus, who was born in Romania, that "you foreigners give us trouble." (*Id.* ¶¶ 1, 37.) On another, the Village Administrator told Astalus that he was "too young to make this kind of money." (*Id.* ¶ 38.)

Without the Village's permission to do business, Plaintiffs lost contracts guaranteeing $77.6 million in annual revenue as Plaintiffs' contracts required Plaintiffs to be so certified. (*Id.* ¶¶ 1, 32.)

Additionally, Morton Grove conducted a construction project immediately next to Plaintiffs' property from summer 2019 through spring 2020. (*Id.* ¶ 41.) That construction project deposited large amounts of dust and particulate matter onto Plaintiffs' property. (*Id.* ¶¶ 39 – 42.) Plaintiffs complained about the project's dust, but the Village did nothing to avoid further

damage to Plaintiffs' property. (*Id.* ¶ 40.) The dust and particulate matter caused property damage excess of $1.87 million. (*Id.* ¶ 42.)

## STANDARD OF LAW

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo*, 526 F.3d at 1081. A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These requirements ensure that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

A district court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim under

subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, (2009) (explaining a federal district court "may (or may not) choose to exercise" subject matter jurisdiction over pendant state law claims, and "the decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary"). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks omitted); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## ANALYSIS

Plaintiffs bring five counts. These counts are for alleged violations of the due process clause (Count I); alleged violations of the equal protection clause (Count II); false arrest against the named officers (Count III); state law negligence against the Village (Count IV); and for indemnification against the Village (Count V). We analyze each in turn.

### I. Counts I and II

We first turn to the Due Process Clause and the Equal Protection Clause claims brought under § 1983. Fundamentally, these claims arise from the Village denying compliance certificates for the cited reason that Plaintiffs erected a sign that exceeded maximum size

regulations, and then operated without the appropriate permit.

### A. The Equal Protection Clause

The Equal Protection Clause prescribes that any state or municipal action that irrationally singles out and targets an individual for discriminatory treatment is unconstitutional. *See, e.g.*, *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiffs proceed on a "class of one" theory. To do so, they must plead that they were intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Willowbrook*, 528 U.S. at 564. "Similarly situated" means that the plaintiff and his comparators must be identical or directly comparable in all material respects. *Reget*, 595 F.3d at 695. Complaints may be dismissed when their alleged facts fail to show that they are similarly situated to any of the comparators. *See LaBella Winnetka, Inc. v. Vill. Of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010).

Plaintiffs pleaded that the Village's "Code provides that an application for compliance certificate . . . shall be denied" in certain circumstances. (Compl. at 3 – 4.) Those circumstances include a property not following building or life safety codes and a business operating in violation of the Village's zoning ordinances and regulations. (*Id.* at 4.) The relevant regulations here are the Village's regulations that limit the size of a business's signs. When the Village's Zoning Administrator realized that Plaintiffs' sign was too big, the Zoning Administrator requested additional measurements and asked Plaintiffs to submit a Special Use Permit application. Plaintiffs' application was then denied.

Plaintiffs allege that two nearby businesses – Lin-Mar Towing and Menards – are comparators. (Compl. ¶ 30.) All Plaintiffs allege is that "the Village allowed a number of

6

substantially similar businesses to operate in close proximity to Plaintiffs' property, including Lin-Mar Towing (which maintains a large fleet of tow trucks along with vehicles it tows) and Menard's [sic] (which was allowed to store and repair vehicles without any special use permit as the Village claimed was necessary for Crown Point Truck & Trailer Sales)." (*Id.*) But Plaintiffs do not allege that those two comparators erected a sign that exceeded permissible size and then operated without a permit, like Plaintiffs did. (Compl. ¶ 4.)[3]

Accordingly, Plaintiffs fail to state a violation of the Equal Protection Clause because they fail to allege similarly situated comparators who were treated differently, and so we dismiss the Equal Protection claim without prejudice.

### B. The Due Process Clause

As for the alleged Due Process Clause violation based on a deprived property interest, a plaintiff must allege that the government's decision was (1) arbitrary and irrational and that (2) the government committed a "separate constitutional violation or that state law remedies are inadequate." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). The Due Process Clause is not a blanket protection against unjustifiable interferences with property. *Lee v. City of Chi.*, 330 F.3d 456, 467 (7th Cir. 2003). "Unless a governmental practice encroaches on a fundamental right . . . due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." *Id.* at 467.

Plaintiffs do not allege that a fundamental right was encroached, so we look to whether it was rational for the Village to deny Plaintiffs' compliance certificate. Plaintiffs have the burden

---

[3] True, Plaintiffs allege that an unnamed Village representative made a xenophobic comment to Astalus, but Plaintiffs do not allege any facts showing that that representative filed a complaint against Plaintiffs or that Defendants acted with a xenophobic motive.

to overcome a presumption that the government's decision was reasonable. *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989). To overcome that burden, Plaintiffs must allege facts that establish that the decision was "arbitrary and irrational" such that it shocks the conscience. *Khan v. Bland*, 630 F.3d 519, 536 (7th Cir. 2010); *Galdikas v. Fagan*, 342 F.3d 684, 690 (7th Cir. 2003); *Burrell v. Kankakee*, 815 F.2d 1127, 1129 (7th Cir. 1987). In *Galdikas*, the Seventh Circuit held that the alleged conduct must be "intended to injure in some way unjustifiable by any government interest." *Galdikas*, 342 F.3d at 690. Similarly, in *Burrell*, the Seventh Circuit held that government action cannot amount to "arbitrary and irrational" unless it bears "no substantial relationship to public health, safety or welfare." *Burrell*, 815 F.2d at 1129. Importantly, a governmental action can have a rational basis even if there are facts that suggest it was taken out of animosity. *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008).

      Plaintiffs advance only a conclusory allegation that the Village acted irrationally and arbitrarily, but they offer no allegations to suggest why it was so. (Compl. ¶ 51.) Municipalities may constitutionally regulate the size of commercial signage for numerous reasons, including aesthetic and safety reasons. *See, e.g.*, *Lavey v. City of Two Rivers*, 171 F.3d 1110 (7th Cir. 1999) (holding that ordinance regulating outdoor signs did not violate the First Amendment nor federal and state due process clauses). As pleaded, Plaintiffs' allegations set forth a rational basis for the Village's refusal to renew Plaintiffs' compliance certificates: Plaintiffs erected a sign that was incompliantly large, operated with that noncompliant sign, got caught, then applied for a permit, and then that permit was rejected because it exceeded the 120 square foot size restrictions under the Village's Code. (*Id.* ¶ 25.) These facts alone do not plead a constitutional violation or irrational governmental behavior. Rather, these facts show that the government enforced the

letter of the law that the Plaintiffs, as pleaded, violated. (*See* Compl. at 4 (providing that the Village shall deny compliance certificates where a business is not in compliance with the Village's regulations as outlined in its Code).)

Accordingly, Plaintiffs' Due Process Claim also fails to state a claim under Rule 12 and is dismissed without prejudice.

## II. Counts III and V

Plaintiffs filed a Notice of Voluntary Dismissal as to the false arrest claim (Count III). (Dkt. No. 7.) Plaintiffs also do not object to the dismissal of the related indemnification claim (Count V) against the Village. (Dkt. No. 21 at 15.) Accordingly, we dismiss those claims without prejudice.

## III. State Law Negligence (Count IV)

Plaintiffs allege that the Village's negligent handling of a construction project caused them property damage. We have "broad discretion" to relinquish supplemental jurisdiction over state law claims after the basis for original federal jurisdiction is removed. *RWJ Mgmt.*, 672 F.3d at 478. The "general presumption in favor of relinquishment applies and is particularly strong where . . . the state-law claims are complex and raise unsettled legal issues." *Id.* The presumption may be overcome, however, and we consider the following factors: (1) whether the statute of limitations has run on the state law claims; (2) whether substantial judicial resources have been committed such that dismissal will cause a substantial duplication of effort; and (3) whether it is "absolutely clear" how the state law claims should be decided. *See, e.g.*, *id.*; *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 758 F.3d 505, 51 5 (7th Cir. 2009); *Energy Labs, Inc. v. Edwards Eng'g, Inc.*, No. 14 C 7444, 2017 WL 818855, at *2 (N.D. Ill. Mar. 2, 2017). Further, we consider and weigh "the values of judicial economy, convenience, fairness, and comity."

9

*Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

Here, all factors favor dismissing the remaining state law negligence claim. First, timeliness does not present a bar to dismissal. And in any event, 28 U.S.C. § 1367(d) tolls any statute of limitations for a period of 30 days after it is dismissed for lack of supplemental jurisdiction. Second, dismissal would not cause a substantial duplication of effort because very little judicial resources were spent litigating this issue before the federal judiciary. Indeed, no discovery has been taken. Third, it is not "absolutely clear" how the state law claims should be decided. For example, none of the parties argue that the negligence claim is frivolous or meritless. *See, e.g.*, *Wright v. Associated Ins. Companies Inc.*; *see also Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) ("exception to the general rule . . . applies when it is very clear that the supplemental claim is meritless"); *Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir. 1997) (recognizing a "'no-brainer' exception to the duty to relinquish federal jurisdiction over the supplemental claim" that should be exercised where "an interpretation of state law that knocks out the plaintiff's state claim is obviously correct, the federal judge should put the plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous case"). More, the negligence claim is complex and involves interpretation and application of Illinois common law regarding construction practices and norms, and so it should be pursued in a state forum. *See RWJ Mgmt.*, 672 F.3d at 480 (finding relinquishing jurisdiction over state law claims is appropriate where the court's "work on the case was not so enmeshed in substantive issues of state law that the presumption in favor of remand should be set aside . . . especially where . . . the claims remaining in the case include complex common-law business torts and claims for violation of state statutory franchise law"); *Huffman v.*

10

*Hains*, 865 F.2d 920, 923 (7th Cir. 1989) ("[R]espect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns.").

Finding no cause for exception, we follow the general rule and decline to exercise supplemental jurisdiction over the parties' remaining state law claims under § 1367(c). Accordingly, we dismiss the negligence claim without prejudice.[4]

## CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice in its entirety. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: February 24, 2021

---

[4] Since we dismiss Count IV for lack of supplemental jurisdiction, we need not address the portion of Defendants' motion that asks to dismiss it under Rule 12(b)(1) for not arising from the same case or controversy as the federal claims.